509 A.2d 1304

Henry MAY

v.

The TRAVELERS INSURANCE COMPANY and Texas
Eastern Transmission Corporation.

**Appeal of the TRAVELERS INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 6, 1986.

Filed May 29, 1986.

David M. McCormick, Philadelphia, for appellant.

Maria Zulick, Philadelphia, for appellee.

Before CAVANAUGH, BECK and JOHNSON, JJ.

JOHNSON, Judge:

Henry May sustained injuries when he was involved in a motor vehicle accident on September 25, 1982. At the time of the accident Mr. May was the occupant of a vehicle owned by the United States government and operated as part of an Army Reserve convoy. The Army Reserve truck was struck in the rear by a vehicle owned by Texas Eastern Transmission Corporation (Texas Eastern).

As Mr. May had no insurance of his own, he applied to the Pennsylvania Assigned Claims Plan (the Plan) seeking no-fault benefits. The Plan assigned his claim to the Travelers Insurance Company (Travelers). Travelers denied Mr. May's claim and he thereafter instituted this action against Travelers. Travelers joined Texas Eastern as an additional defendant contending that, if Mr. May was entitled to benefits, those benefits should be supplied by Texas Eastern.

The case proceeded to arbitration with a resultant award in favor of Mr. May and against only the additional defendant, Texas Eastern. From that award Texas Eastern appealed to the Court of Common Pleas. Thereafter, Texas Eastern filed a Motion for Summary Judgment, which was opposed by Travelers. On July 31, 1985, the lower court entered an order granting judgment in favor of Texas Eastern. From that order Travelers timely appeals, and raises two issues:

I. WHETHER A FEDERAL EMPLOYEE INJURED IN A MOTOR VEHICLE ACCIDENT WHILE OCCUPYING A FEDERALLY OWNED VEHICLE, IS

ENTITLED TO RECEIVE BENEFITS UNDER THE PENNSYLVANIA NO–FAULT MOTOR VEHICLE INSURANCE ACT (No-fault Act) [1]

II. WHETHER SUCH EMPLOYEE, IF ENTITLED TO NO–FAULT BENEFITS, IS TO BE TREATED UNDER THAT ACT AS THE OCCUPANT OF AN UNINSURED MOTOR VEHICLE OR IS TO BE TREATED AS A PEDESTRIAN.

We shall discuss the two arguments presented by appellant together. Travelers' first argument is that the No-fault Act has no application to accidents involving vehicles owned by the federal government. Travelers contends that the federal government is exempt under the Supremacy Clause of the United States Constitution from any of the requirements of the Pennsylvania No-fault Act. It believes that to allow Henry May to receive no-fault benefits would be to grant to the federal government and its employees free coverage for such benefits at the expense of those not exempt from participation in the no-fault system.

Appellant's second argument is that if Henry May is to receive no-fault benefits, May should be treated as a pedestrian. The other vehicle involved in the accident, that of Texas Eastern, would then pay the benefits.

These same arguments were raised in *Bell v. United States of America, Department of Labor*, 560 F.Supp. 515 (E.D.Pa.1983), *aff'd*, 754 F.2d 490 (3rd Cir.1985). In that case the United States Court of Appeals for the Third Circuit was presented with facts strikingly similar to those now before this Court. In *Bell*, a federal employee was a passenger in a federally owned truck which was involved in an accident. Bell, the federal employee, was acting within the scope of his employment. Bell sustained severe injuries. He had no automobile insurance of his own, as he did not own a vehicle, or reside with the owner of a vehicle, and was not the named insured under any No-fault motor vehicle insurance policy. After Bell received federal work-

1. Act of July 19, 1974, P.L., 489, No. 176, § 101 *et seq.*, 40 P.S. § 1009.101 *et seq.* (repealed 1984).

men's compensation he filed an application with the Pennsylvania Assigned Claims Plan. The Plan initially rejected the application. Following suit in common pleas court, the Plan assigned Bell's claim to Travelers Insurance Company. Travelers denied the claim and, when Bell sued in federal district court, Travelers raised arguments similar to those raised in the case now before this Court. After examining the applicable Pennsylvania decisions, as well as the language of the No-fault Act and the policy behind it, the federal district court concluded that Bell was entitled to recover No-fault benefits from Travelers under the Plan. On appeal, the United States Court of Appeals for the Third Circuit affirmed.

The federal district court found that the federal vehicle was a "motor vehicle" as the terms are used in the No-fault Act. The Court of Appeals found that although the federal government could not be compelled to reimburse Travelers, Travelers remained responsible for Bell's No-fault payments. The Court of Appeals explicitly ruled that the insurer of the other car involved in the accident was not the proper source of recovery; the injured employee was not to be treated as a pedestrian. Rather, the Plan was the proper source of security, and Travelers was required to fulfill its obligations as the insurance company assigned under the Plan.

We find *Bell*'s interpretation of Pennsylvania law to be accurate and its reasoning to be persuasive. That case is factually similar to the one now before this Court, and appellant has presented no compelling reason to dissuade us from following the rationale and finding of *Bell*. We believe that federally owned vehicles come within the No-fault Act's definition of motor vehicles, and that accidents involving these motor vehicles can properly be the subject of assignment under the Assigned Claims Plan.

Accordingly, the trial court's order granting summary judgment in favor of Texas Eastern Transmission Corporation is affirmed.

Order affirmed.